**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE VELA ARELLANO, a/k/a Hector
Guerrero, a/k/a Hector Guerrero
Almontez,

    Defendant-Appellant.

Nos. 07-1481 and 07-1497
(District of Colorado)
(D.C. No. 93-CR-00256-RPM)

**ORDER AND JUDGMENT**[*]

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit
Judge, and **BALDOCK**, Senior Circuit Judge.

    On August 5, 1993, Jose Vela Arellano, the defendant, was charged in a

two-count indictment filed in the United States District Court for the District of

Colorado as follows: (1) in count one, the defendant and one Maria Vasquez were

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

    The parties waived oral argument, and this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P.34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

jointly charged with unlawfully conspiring to possess a listed chemical, namely hydriotic acid, knowing that it would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (d)(2); and in count two they were charged with the attempted possession of a listed chemical, namely hydriotic acid, knowing that it would be used in the manufacture of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (d)(2), and 18 U.S.C. § 2. The defendant originally pled not guilty to both counts. However, on October 21, 1993, the defendant, pursuant to a plea agreement, entered a plea of guilty to count two of the indictment and the Government agreed to, and later did, dismiss count one. At defendant's change of plea hearing, the defendant stated, *inter alia,* that he understood all of the possible consequences of his plea of guilty to count two of the indictment. A pre-sentence report was ordered. However, on January 7, 1994, the District Court was advised by Pre-trial Services that the defendant had absconded from supervision, and an arrest warrant was issued. On June 29, 2007, the United States District Court for the Western District of Michigan, pursuant to Fed. R. Crim. P. 5, transferred defendant back to the District of Colorado.

On November 2, 2007, a sentencing hearing was held in the United States District Court for the District of Colorado. Prior thereto, the defendant, through counsel, had filed a Motion for Variance from the Guideline Range. In that document, the defendant asked that the District Court take into consideration the

-2-

reasons for his non-appearance in 1994 and suggested that a sentencing guideline range of 84 to 105 months would be sufficient, but not greater than necessary, to reflect the factors enumerated in 18 U.S.C. § 3553(a)(2). Defendant argued that when he initially entered into his plea agreement the anticipated guideline range was imprisonment for 57 to 71 months, but he further agreed that subsequent investigation revealed additional criminal history which raised his criminal history category to IV, with an attendant guideline range of 84 to 105 months. However, because he had absconded, the PSR recommended that his offense level be raised by two levels for obstruction of justice, all of which resulted in a guideline range of imprisonment for 135 to 168 months. However, the statutory maximum set for defendant was imprisonment for 120 months. In this setting, the District Court denied defendant's request for a variance and sentenced defendant to imprisonment for 120 months. Defendant filed a timely notice of appeal.

We appointed the Public Defender's Office, which represented the defendant in the District court, to represent defendant on appeal. In this Court, counsel, pursuant to *Anders v. California,* 386 U.S. 738 (1967), filed a so-called *Anders* brief in which she stated that any possible issue that could be raised would be "wholly frivolous," and asked that the appeal be dismissed and she be allowed to withdraw from the case.[1]

---

[1] In *Anders*, at page 744, the Supreme Court spoke as follows:

(continued...)

On appeal, counsel raised three matters which "possibly" could be raised on appeal, although none was "non-frivolous." Those issues were as follows: (1) was defendant's guilty plea entered into voluntarily and intelligently; (2) were the facts set forth in the plea agreement "sufficient to convict him of 21 U.S.C. §§ 846, 841(d)(2), 841(a)(1), and 18 U.S.C. § 2"; (3) was defendant's sentence of imprisonment for 120 months procedurally and substantively reasonable. We agree with counsel that none of these "possible" issues is "wholly non-frivolous."

As indicated, counsel in the *Anders Brief* states that each of the three issues which "possibly" could be raised in this Court, based on the present record, is "frivolous" and accordingly asks that we dismiss the appeal and allow counsel to withdraw. We agree. Pursuant to *Anders*, our examination of the record leads us

[1](...continued)
The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

to conclude as follows: defendant's plea of guilty was voluntary and intelligently entered; the present record is "sufficient" to show that the defendant, and his co-defendant, acquired hydriotic acid in Colorado and then resold the hydriotic acid to others in California who they knew would then manufacture methamphetamine; and finally, that defendant's sentence of imprisonment for 120 months was "procedurally and substantively reasonable" under 18 U.S.C. § 3553.[2]

Appeal dismissed and counsel's request to withdraw is granted.

Entered for the Court


ROBERT H. McWILLIAMS,
Senior Circuit Judge

---

[2] Counsel's *Anders Brief* was served on the Government and the defendant. The Government by letter stated that it would file no response to the *Anders Brief*. Defendant by letter filed a pro se response in which he explained his reason for his abscondence and reiterated his plea for "MERCY"!